IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RALPH SHANNON,

                Plaintiff,                      OPINION AND ORDER

  v.

                                                12-cv-163-wmc

MICHAEL NOLAN and                           12-cv-164-wmc
U.S. PROBATION DEPARTMENT,

                Defendants.

In this pair of actions under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), plaintiff Ralph Shannon, a probationer, pleads that his Fifth and Fourteenth Amendment rights have been violated by defendants United States Probation Department and Probation Officer Michael Nolan.[1] Shannon contends that: (1) Nolan deprived him of liberty without due process of law when he failed to respond to Shannon's requests for permission to pursue a second source of income; and (2) the U.S. Probation Department

---

[1] In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), the Supreme Court recognized a civil action for damages may be brought against a federal official who violated a constitutional right, provided (1) no equally effective remedy is available, (2) no explicit congressional declaration precludes recovery, and (3) no special factors counsel hesitation. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989). Here, Shannon filed separate lawsuits against the U.S. Probation Department and Michael Nolan under both Fifth and Fourteenth Amendments. The Fourteenth Amendment does not apply since both Michael Nolan and the U.S. Probation Department are federal, not state actors. This opinion and order addresses the suits together because (1) they stem from a similar set of facts and (2) Shannon's remaining Fifth Amendment due process claims will be dismissed based on the same legal analysis. (Case No. 12-cv-163-wmc; 12-cv-164-wmc).

violated his substantive due process right to privacy by requiring him to answer questions about his personal life in a Monthly Supervision Report.

Shannon has asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915(e). The court concludes that he qualifies for indigent status and may proceed without prepayment of fees or costs. Accordingly, the next step is determining whether his proposed lawsuits are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Despite this lenient standard, Shannon's complaints cannot proceed because he fails to state claims for which relief may be granted.

PRESUMED FACTS[2]

In his complaint, Shannon alleges, and the court assumes for purposes of this screening order, that the following facts are true.

- Plaintiff Ralph Shannon was convicted, pursuant to a guilty plea, of one count of possession of child pornography in the United States District Court for the Western District of Wisconsin. Barbara B. Crabb was the presiding judge.

- On July 17, 2007, Shannon was sentenced to 46 months' imprisonment and a life term of supervised release. (*See* Case No. 06-cr-00179.)

---

[2] The court draws these facts from the body of the complaint and from the modified probation order entered on October 3, 2011 by Judge Crabb. (W.D. Wis. Case No. 06-cr-00179 (dkt. #35).)

- During the hearing on probation, Judge Crabb agreed that after incarceration Shannon would be allowed to pursue his present career as a Computer Technician.

- Defendant Michael Nolan has been assigned as Shannon's U.S. Probation Officer. The U.S. Probation Department is Mr. Nolan's employer and enforces federal probation standards.

- The reporting requirements of Shannon's Conditions of Supervised Release made it difficult for him to pursue a career as a Computer Technician.

- As a secondary source of income, Shannon wrote custom programs and built electronic products. In order to pursue this self-employment, Shannon needed Michael Nolan's permission to build and purchase connective devices.

- From May 2011 to October 2011, Shannon submitted numerous requests for permission to pursue self-employment in electronics but received no response from Michael Nolan.

- On October 27, 2011, Shannon hand delivered a letter to Nolan requesting permission to purchase and build circuits to connect to his computer to test programs in pursuit of his electronic business. Nolan never responded to this request.

- On or about August 2011, the U.S. Probation Department put into effect a new Supplemental Monthly Supervision Report for persons charged or convicted of sex offenses. Several questions in the report inquire about his personal thoughts, relationships, financial information and other legal activities. Shannon made several attempts to get clarification about the meaning of these questions from Nolan but did not receive adequate responses to his inquiries.

OPINION

I. Claims against the U.S. Probation Department.

Shannon's claims against the U.S. Probation Department are facially invalid and cannot proceed. As an initial matter, there is no legal, suable entity called "the U.S. Probation Department." "Federal probation officers are appointed individually by the district courts. 18 U.S.C. § 3602(a) and 28 U.S.C. § 609. They are employed by the United States Courts and are under the administrative control of the Director of the Administrative

3

Office of the United States Courts." *Schroeder v. Polk*, 842 F. Supp. 355, 356 (N.D. Ind. 1993). By naming the probation department, Shannon is in fact suing this federal court, and ultimately the United States.

"To sue the United States or its agencies in federal court, a plaintiff must show that . . . the sovereign immunity of the United States does not bar the cause of action." *Clark v. U.S.*, 326 F.3d 911, 912 (7th Cir. 2003). Absent a waiver, sovereign immunity automatically shields the federal government from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because the United States has not waived its sovereign immunity to damages actions for constitutional violations, Shannon has no viable claim for damages against "the U.S. Probation Department." In addition, although the United States has waived its sovereign immunity to allow claims for injunctive relief against federal agencies, *see* 5 U.S.C. § 702, the definition of "agency" in this waiver expressly excludes the federal courts, 5 U.S.C. § 551(1)(B). Thus, equitable relief against "the U.S. Probation Department" is equally unavailable.

With these constraints in mind, and construing Shannon's complaint as generously as possible, the court will infer that where Shannon has targeted the "Parole Department" he actually means to sue the unidentified parole officer (hereinafter "Doe") responsible for the challenged parole decisions. Claims against Officer Doe are discussed next.

II. **Claims for Damages against Officer Doe and Officer Michael Nolan in their Official Capacities.**

A suit against a federal officer in his official capacity is the same as a suit against the federal government itself. As described in the preceding section, the federal government has

4

not waived its sovereign immunity to damages suits arising from constitutional violations, so Shannon's claims for damages against Officers Doe and Nolan in their official capacities are barred.

### III. Claims for Damages and Injunctive Relief against Officer Doe and Officer Michael Michael Nolan.

Sovereign immunity does not bar this court from granting Shannon monetary relief against Officers Nolan and Doe in their personal capacities. Nor does it bar Shannon's claims for injunctive relief against both defendants in their official capacities. See *Ex parte Young*, 209 U.S. 123 (1908). But a cause of action is a threshold requirement for any sort of relief, and there is no viable cause of action in the two complaints before this court because Shannon's constitutional rights do not seem to have been violated.

#### A. Requests to build or purchase certain computer equipment

Shannon first claims to have been denied his due process right to build or purchase certain computer equipment, and thus to pursue his preferred career in the computer technology field. He seeks: (1) damages against Officer Nolan for repeatedly ignoring (and thus effectively denying) his requests to make these purchases, and (2) injunctive relief forcing Officer Doe to allow him to purchase the computer parts. Whether Shannon's claim is seen as a procedural due process claim for denial of a liberty interest without adequate process or as a substantive due process claim for arbitrary executive action, the claim must be denied because Shannon's status as a probationer means he does not possess a liberty interest in buying computer parts and pursing his chosen occupation where these activities would conflict with the conditions of his supervised release.

"The concept of liberty protected by the due process clause has long included occupational liberty -- the liberty to follow a trade, profession, or other calling." *Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992) (citations omitted). However, individuals on probation "do not enjoy 'the absolute liberty to which every citizen is entitled, but only conditional liberty properly dependent on observance of special probation restrictions.'" *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Shannon lost the unfettered freedom to make purchases and choose his occupation when he was convicted. He acknowledges that under the terms of his supervised release he "needed Mr. Nolan's permission," but argues that by placing discretion in Nolan's hands, the court created a due process right to upon which to challenge an unreasonable or arbitrary refusal to grant permission. This is not the case. If it were, federal courts would be inundated with challenges to the day-to-day decision making of probation officers. At most, Shannon has a complaint that Nolan is improperly implementing his sentence. Shannon's relief, if any, lies in the criminal justice system that imposed the sentence, first by discussing the restrictions with Mr. Nolan (if possible), then appealing to Nolan's superiors, and ultimately seeking relief from the sentencing judge.

**B. Requirement to share private information with the government**

Shannon also claims that Officer Doe violated his Fifth Amendment substantive due process rights by requiring him to disclose private personal information. He seeks an order instructing Doe to delete the offensive provisions from his monthly supervision report. Although unclear from the complaint, he may also be seeking monetary relief against Officer

6

Doe for drafting the provisions or against Officer Nolan for demanding answers to these allegedly intrusive questions.  This complaint will also be dismissed for failure to state a cognizable legal claim.

The constitutional interest that Shannon claims deserves protection under the Fifth Amendment is his liberty interest in keeping personal thoughts, relationships, financial information and other legal activities private from his probation officer.  The first step in the court's analysis is to ask whether this is a fundamental right -- that is, whether it is "objectively, deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997).  In *NASA v. Nelson*, 562 U.S. ___, 131 S. Ct. 746 (2011), the Supreme Court considered the claim of NASA employees who alleged that the requirement of a standard background check prior to employment was an unlawful infringement upon their right to privacy.  An 8-0 Court "[a]ssum[ed], without deciding, that the Government's challenged inquiries implicate a privacy interest of constitutional significance." *Id.* at 756-57.

Of course, *NASA* is obviously distinguishable from the instant facts because Shannon is no regular job applicant, but rather a probationer who has been convicted of possession of child pornography, and who has lost some of his liberty interest.  *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) ("[I]t is always true of probationers (as we have said it to be true of parolees) that they do not enjoy 'the absolute liberty to which every citizen is entitled.'" (quotation omitted)).

Even assuming, as in *NASA*, that a fundamental right is at stake, it remains the case that the government may impose upon fundamental rights without necessarily violating the constitution.  First, when the imposition comes in the form of a legislative act, the

government may act if it can articulate a justification that passes strict scrutiny; second, when the imposition comes via an executive or judicial actor, only the most egregious and "conscience shocking" abuse of power will violate the constitution. *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). See also *Tun v. Whitticker*, 398 F.3d 899, 903 (7th Cir. 2005) ("It is one thing to say that officials acted badly, even tortiously, but - and this is the essential point - it is quite another to say that [officials'] actions rise to the level of a constitutional violation.").

   Shannon contends that his right to informational privacy was infringed when his probation officers introduced a new Supplemental Monthly Supervision Report with questions asking about highly private information. Specifically, the report asks questions relating to Shannon's interactions with minors, internet access, medications and drug use, and intimate relationships. The questions delve into highly private and personal feelings -- for example, Question 13 asks Shannon to describe how well he is managing his sexual thoughts. But these hardly amount to "conscience shocking" behavior in light of the government's strong interest in the protection of minor children from sexual exploitation by someone under supervision for possession of child pornography.[3] *U.S. v. Peete*, 919 F.2d 1168, 1181 (6th Cir. 1990) ("Probation restrictions may affect fundamental rights . . . if the conditions are primarily designed to meet the ends of rehabilitation and protect the public.").

---

[3] The court assumes that the questions were authorized by the sentencing court's prescribed conditions of supervision. To the extent that Shannon argues that they exceed the scope of that authorization, he should bring a challenge to the questions in front of the sentencing court.

Thus, Shannon fails to state a legally-cognizable claim and his complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

ORDER

IT IS ORDERED that:

(1) plaintiff Ralph Shannon's requests to proceed *in forma pauperis* based upon claims for denial of his right to due process are DENIED with respect to all defendants; and

(2) the clerk of court is directed to dismiss these cases.

Entered this 6th day of December, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge